UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN RICHARD DICKINSON,

Plaintiff,

v.

META PLATFORMS INC.,

Defendant.

CASE NO. 2:26-cv-1206-JHC

ORDER

Before the Court are Plaintiff's motions to appoint counsel (Dkt. # 8), for remote proceedings (Dkt. # 9), for service by U.S. Marshal (Dkt. # 10), and for public and remote access to proceedings (Dkt. # 11). The Court has considered the motions, the rest of the file, and the governing law. The Court ORDERS as follows:

1.      **Motion to Appoint Counsel**

"In proceedings *in forma pauperis*, the district court 'may request an attorney to represent any person unable to afford counsel.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). Deciding whether to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the

ORDER - 1

ability of the plaintiff to articulate their claims pro se given the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff does not show that any exceptional circumstances exist for the appointment of counsel. Plaintiff has not demonstrated a likelihood of success on the merits. Nor does Plaintiff explain how his disability affects his ability to articulate his claims pro se given the complexity of the legal issues involved. Because Plaintiff may not have been aware of the governing legal standards, and did not apply them in his motion, the Court denies the motion without prejudice.

**2.        Motions for Remote Proceedings and Public and Remote Access**

These motions are premature at this time as Defendant has not yet appeared and should be allowed to address the issues raised. So the Court denies these motions without prejudice. Plaintiff may renew these motions once Defendant appears in the case.

**3.        Dismissal of Complaint**

A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). If a court determines that a complaint filed under 28 U.S.C. § 1915(a) is frivolous, malicious, *fails to state a claim*, or seeks damages from defendants immune from such relief, the court *must* dismiss the case sua sponte. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B).

To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the

ORDER - 2

benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Plaintiff filed his original complaint on April 22, 2026. Dkt. # 5. The next day, he filed an amended complaint. Dkt # 7. The later filing is then the operative pleading here. Even under a liberal construction of the amended complaint, Plaintiff fails to state a claim for relief. The pleading does not identify any legal claim or cause of action; nor is it apparent from the spare factual allegations what claim(s) Plaintiff seeks to assert. Additionally, the amended complaint does not explain how the Court has subject matter jurisdiction over the case.

For these reasons, the Court dismisses Plaintiff's amended complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and grants Plaintiff leave to file a second amended complaint.

### 4.    Motion for Service by U.S. Marshal

Given the dismissal of the amended complaint, this motion is moot, and the Court denies it without prejudice. Plaintiff may renew this motion if his second amended complaint passes § 1915 screening.

### 5.    Conclusion

The motions to appoint counsel (Dkt. # 8); for remote proceedings (Dkt. # 9); for service by U.S. Marshal (Dkt. # 10); and for public and remote access to proceedings (Dkt. # 11) are all DENIED without prejudice.

The Court DISMISSES Plaintiff's amended complaint without prejudice and GRANTS Plaintiff leave to file a second amended complaint. Plaintiff may file his second amended complaint on or before May 26, 2026. If Plaintiff files a timely second amended complaint and it does not meet the pleading standards, the Court will dismiss the matter.

ORDER - 3

Dated this 5th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 4